IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DEREK QUINN, | : | |
| Plaintiff, | : | |
| vs. | : | CA 16-00409-KD-C |
| OCWEN LOAN SERVICING, LLC, *et al.*, | : : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION**

This matter is before the Magistrate Judge for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), on Plaintiff Derek Quinn's Request for Letter of Recommendation for Remand to the Removing Judge for this Case, (Doc. 11); Plaintiff's Motion to Remand to State Court, (Doc. 13); and Defendants Ocwen Loan Servicing, LLC's ("Ocwen"), and Deutsche Bank National Trust Company's ("Deutsche") Motion to Dismiss, (Doc. 9). Upon consideration of the record and the foregoing pleadings, it is recommended that Plaintiff's Request for Letter of Recommendation for Remand to the Removing Judge for this Case, (Doc. 11), and Plaintiff's Motion to Remand to State Court, (Doc. 13), be **DENIED** and that Defendants' Motion to Dismiss, (Doc. 9), be **GRANTED**. **I.**

In 2007, Plaintiff executed a thirty (30) year mortgage ("the Mortgage") with Novastar Mortgage ("Novastar"). (Doc. 1-1, at 2). Novastar was acquired by Saxon Mortgage Services ("Saxon"), which was subsequently acquired by

Ocwen in December 2009. *Id.* The Mortgage was on property in Mobile County, Alabama. *Id.*

On July 29, 2016, Plaintiff filed a complaint against the Defendants[1] in the Circuit Court of Mobile County, Alabama, seeking "damages in the amount of the mortgage, being in excess of $115,000," "the immediate quiet enjoyment of the property," "compensatory damages," "punitive damages," "a declaratory judgment," and "any and all other equitable and legal relief as deemed appropriate, plus all costs of these proceedings." (Doc. 1-1, at 2-14). On that same date, Plaintiff filed with the Mobile County Circuit Court a summons and complaint to be served by certified mail on "Ocwen c/o Jauregui & Lindsey." (*Id.* at 29). Also on that same date, Plaintiff filed a Motion for Ex Parte Temporary Restraining Order, (*id.* at 15-16), with the Mobile County Circuit Court and asked the court to enjoin the Defendants from conducting a foreclosure sale of the subject property, (*id.* at 15). Mobile County Circuit Judge John Lockett enjoined the Defendants from conducting the sale and set the matter for a preliminary injunction hearing on August 5, 2016. (*Id.* at 20). On August 3, 2016, at 5:33 p.m. Defendants filed a Notice of Removal in the Mobile County Circuit Court, (Doc. 1-2, at 2), and filed the same Notice of Removal in this Court at 12:53 p.m. on August 4, 2016, (Doc. 1, Notice of Electronic Filing), invoking diversity jurisdiction under 28 U.S.C. § 1332(a).[2] (*See* Docs. 1 & 1-3).

**II.**

---

[1] Ocwen was improperly named as Ocwen Loan Services and Deutsche was improperly named as Deutsche National Bank and Trust.

[2] 28 U.S.C. 1332(a) provides:
The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-
(1) citizens of different States . . . .

Because Plaintiff's Request for Letter of Recommendation for Remand to the Removing Judge for this Case, (Doc. 11), and Motion to Remand to State Court ("Motions for Remand"), (Doc. 13), seek the same relief, a remand of this action to the Circuit Court of Mobile County, they are analyzed together.  In Plaintiff's Motions for Remand, he avers that this matter should be remanded to the Mobile County Circuit Court because the parties are not diverse and that federal question jurisdiction does not exist.  Plaintiff further claims that the Defendants waived service by removing the case.

In general, removal of a case from state court to federal court is proper if the case originally could have been brought in federal court. *See* 28 U.S.C. § 1441(a).  "An action filed in state court may be removed to federal court based upon diversity or federal questions jurisdiction." *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011).

As a procedural matter, the removal must be timely.  *See, e.g., Clingan v. Celtic Life Ins. Co.*, 244 F.Supp.2d 1298, 1302 (M.D. Ala. 2003) ("The time limit in 28 U.S.C. § 1446(b) is 'mandatory and must be strictly applied.'"); *cf. Moore v. North America Sports, Inc.*, 623 F.3d 1325, 1329 (11th Cir. 2010) ("[T]he timeliness of removal is a procedural defect-not a jurisdictional one.").

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1).  In this case, the removal was timely because Plaintiff filed his complaint in the Mobile County Circuit Court on July 29, 2016, (Doc. 1-1, at 2-14), and Defendants filed their Notice of Removal with the Mobile County

Circuit Court and this Court on August 3, 2016, (Doc. 1-2, at 2), and August 4, 2016, (Doc. 1, Notice of Electronic Filing), respectively, well within the thirty (30) day removal period.

The first task for the Court when confronted with a removed case, is to determine if it has subject-matter jurisdiction over the action.

> It is by now axiomatic that the inferior federal courts are courts of limited jurisdiction. They are empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution, and which have been entrusted to them by a jurisdictional grant authorized by Congress. Congress, however, may give, withhold or restrict such jurisdiction at its discretion, provided it be not extended beyond the boundaries fixed by the Constitution. And because the Constitution unambiguously confers this jurisdictional power to the sound discretion of Congress, federal courts should proceed with caution in construing constitutional and statutory provisions dealing with their jurisdiction.
>
> Accordingly, when a federal court acts outside its statutory subject-matter jurisdiction, it violates the fundamental constitutional precept of limited federal power. Indeed, such an action unconstitutionally invades the powers reserved to the states to determine controversies in their own courts as well as offends fundamental principles of separation of powers. Simply put, once a federal court determines that it is without subject-matter jurisdiction, the court is powerless to continue.
>
> . . .
>
> The jurisdiction of a court over the subject-matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties. Otherwise, a party could work a wrongful extension of federal jurisdiction and give district courts power the Congress denied them.
>
> We add that our removal jurisdiction is no exception to a federal court's obligation to inquire into its own jurisdiction. Pursuant to 28 U.S.C. § 1441(a) (1994), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Therefore, when an action is removed from state court, the district court first

>must determine whether it has original jurisdiction over the plaintiff's claims. . . . If there is jurisdiction, then removal is appropriate and the court may proceed to the merits of the case.
>
>. . .
>
>Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court.
>
>. . .
>
>The burden of establishing subject-matter jurisdiction falls on the party invoking removal. A district court has original jurisdiction over all cases between citizens of *different* states when the amount in controversy exceeds $75,000. Where jurisdiction is predicated on diversity of citizenship, all plaintiffs must be diverse from all defendants.

*Univ. of S. Ala. v. Am. Tobacco. Co.*, 168 F.3d 405, 409-12 (11th Cir. 1999) (citations and quotations omitted) (emphasis in original).

"If jurisdiction is based on [diversity], the pleader must affirmatively allege facts demonstrating the existence of jurisdiction and include 'a short and plain statement of the grounds upon which the court's jurisdiction depends.'" *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) (quoting FED. R. CIV. P. 8(a)). For purposes of diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). "For a corporate defendant the complaint must allege either the corporation's state of incorporation or principal place of business." *Taylor*, 30 F.3d at 1367 (citing 28 U.S.C. § 1332). As to the amount in controversy, the Eleventh Circuit has stated that "if the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has

jurisdiction. If not, the court must remand." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007).

When jurisdiction is based on diversity, the inquiry begins with determining whether the amount in controversy has met the monetary threshold. Defendants aver in their response to Plaintiff's motion to remand, (Doc. 14), that Plaintiff concedes that the amount in controversy requirement has been met, *id.* at 1 ("[T]he damages amount sought by [Plaintiff] meets the requirements of federal jurisdiction . . . ." (Doc. 13, at 3)). Indeed, Plaintiff's complaint, (Doc. 1-1, at 1-14), filed with the Mobile County Circuit Court indicates that Plaintiff demands "damages in the amount of the mortgage, being in excess of $115,000." (Doc. 1-1, at 4). Therefore, the amount in controversy exceeds the jurisdictional threshold without further review of the Plaintiff's complaint for additional demands.

As to the diversity of the parties, Plaintiff states in his motion for remand that he is a "citizen of the State of Alabama over the age of 19," (Doc. 13, at 2). Defendants' notice of removal states that "Deutsche is a national banking association with its main office[-principal place of business-]in California and is therefore a citizen of California," (Doc. 1, at 3), and Plaintiff does not challenge the citizenship of Deutsche, (*see* Doc. 13, at 7 ("Although [Deutsche] may possess diversity . . . .").

As to Ocwen, Defendants aver in their notice of removal that:

> Ocwen is a citizen of the U.S. Virgin Islands. Ocwen is a limited liability company. . . . The sole member of Ocwen is Ocwen Mortgage Servicing, Inc. [("Ocwen Mortgage")]. Ocwen Mortgage [ ] is incorporated under the laws of the U.S. Virgin Islands with its principal place of business in the U.S. Virgin Islands, thus making it a citizen of the U.S. Virgin Islands, and making Ocwen a citizen of [the] U.S. Virgin Islands for diversity purposes.

6

(Doc. 1, at 3). Thus, the Defendants have clearly met their burden of alleging facts demonstrating the existence of diversity jurisdiction as well as meeting the amount in controversy jurisdictional threshold.

Plaintiff's challenge to the diversity of Ocwen is that "[Ocwen] maintains an office at 150 S. Perry St., Montgomery, Alabama, and maintains a registered agent there," that Ocwen is "registered with the Alabama Secretary of State as a business entity licensed to do business in the state on a regular basis," that Ocwen's registered agent is a member of its company, and that those facts make Ocwen a citizen of Alabama. (Doc. 13, at 2 & 4). Plaintiff's argument is without merit. The sole inquiry to determine the citizenship of a limited liability company is the citizenship of its members. *Rolling Greens MHP, L.P.*, 374 F.3d at 1022. The citizenship of Ocwen's registered agent is not relevant in determining Ocwen's citizenship. *See Island Pipeline, LLC v. Sequoyah Ltd., LLC*, No. 3:08-cv-1133-J-32HTS, 2009 WL 413584, at *4 n. 6 (N.D. Fla. Feb. 18, 2009) ("[T]he citizenship of an LLC's registered agent is not relevant in determining the citizenship of an LLC." (citing *Rolling Greens MHP, L.P.*, 374 F.3d at 1021-22)). Ocwen's notice of removal states that "[t]he sole member of Ocwen is Ocwen Mortgage [ ]. Ocwen Mortgage [ ] is incorporated under the laws of the U.S. Virgin Islands with its principal place of business in the U.S. Virgin Islands." (Doc. 1, at 3). Therefore, for purposes of diversity jurisdiction of a limited liability corporation, Ocwen is a citizen of the U.S. Virgin Islands because its sole member, Ocwen Mortgage, is a citizen of the U.S. Virgin Islands. Accordingly, this matter was properly removed under 28 U.S.C. § 1441(a) because this Court

has original jurisdiction of this civil action in accordance with 28 U.S.C. § 1332(a)(1).

Plaintiff also argues that federal question jurisdiction is not raised in the notice of removal. Contra to that argument, there is a footnote in the Defendants' notice of removal stating that "federal question jurisdiction exists as Count 6 of the Complaint seems to be based on the Fair Debt Collection Practices Act ("FDCPA"), a federal statute, *see* 15 U.S.C. § 1692 *et seq.*, which would give this Court original jurisdiction under 28 U.S.C. § 1331." (Doc. 1, at 3 n. 5). However, the "Civil Cover Sheet" to Defendants' Notice of Removal indicates that the basis of jurisdiction is diversity. (*See* Doc. 1-3). Therefore, although there may be more than one basis for removal in this case, the Court need not address federal question jurisdiction under 28 U.S.C. § 1331 since it was not affirmatively pled as a basis for removal in the petition and because diversity jurisdiction exists.

Plaintiff's final contention as to removal is that the removal was procedurally incorrect. Plaintiff's contention begins with the argument that the parties are not diverse and that removal by the Defendants is improper. As previously discussed, however, there is complete diversity of parties. Plaintiff then launches into an argument that the Defendants' act of removing this action was, effectively, a waiver of service and that, now, the Defendants cannot claim insufficient service or a lack thereof because only proper defendants may remove a case.[3] If that is the Plaintiff's position, it is counter to this Court's previous determination that even though a defendant has not been formerly served in the

---

[3] In the state court action, Plaintiff served the summons and complaint on Jauregui & Lindsey by certified mail. (Doc. 1-1, at 27). Defendants aver that service was improper because Jauregui & Lindsey are foreclosure counsel for Defendants and as such, are "not authorized to receive service of process for either Defendant." (Doc. 9, at 5 n.2).

state court action, that fact is not a bar to the defendant filing a notice of removal. *See Vail v. Smarterfuel S., LLC*, No. 13-00277-KD-N, 2013 WL 5373525, at *5 n.12 (S.D. Ala. Sept. 25, 2013) ("Because he was not properly served in state court does not mean, however, that Killian was powerless to remove this case."). Accordingly, this Court has original jurisdiction of this civil action based on diversity under 28 U.S.C. § 1332(a)(1).

### III.

Defendants move for dismissal on alternative grounds.  First, they aver that the present action is barred by the doctrine of res judicata and should be dismissed.  Secondly, if res judicata does not bar the Plaintiff's defamation claim, the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. § 1681 *et seq.*, preempts it.

In reviewing a motion to dismiss under FRCP 12(b)(6), the Court must:

> [A]ccept[ ] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff.
>
> . . .
>
> Under the federal rules of civil procedure, a complaint must contain a short and plain statement of the claim showing that the plaintiff is entitled to relief.  In order to avoid dismissal, a complaint must allege enough facts to state a claim to relief that is plausible on its face and that rises above the speculative level.  A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard requires that a plaintiff allege sufficient facts to nudge his claims across the line from conceivable to plausible.

*Traylor v. P'ship Title Co., LLC*, 491 F. App'x 988, 989-90 (11th Cir. 2012) (citations and quotations omitted).

"Although res judicata is not a defense under [FRCP] 12(b), it may be raised in a[n] [FRCP] 12(b)(6) motion where the existence of the defense can be determined from the face of the complaint." *Johnson v. Girl Scouts of the USA*, 596

9

F. App'x 797, 798 (11th Cir. 2015) (unpublished) (citing *Concordia v. Bendekovic*, 693 F.2d 1073, 1075 (11th Cir. 1982). Although the Court's analysis of the 12(b)(6) motion is "limited primarily to the face of the complaint and attachments thereto, [the Court] may consider documents attached to the motion to dismiss if they are referred to in the complaint and are central to the plaintiff's claim." *Starship Enters. of Atlanta, Inc. v. Coweta Cty., Ga.*, 708 F.3d 1243, 1252 n.13 (11th Cir. 2013) (citing *Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368-69 (11th Cir. 1997). In addition, "a district court may take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a Rule 56 motion." *Halmos v. Bomardier Aerospace Corp.*, 404 F. App'x 376, 377 (11th Cir. Dec. 7, 2010) (per curiam) (unpublished) (citing *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999)); *see also Cunningham v. Dist. Attorney's Office for Escambia Cty.*, 592 F.3d 1237, 1255 (11th Cir. 2010) ("We accept all the facts in the complaint as true and view them in the light most favorable to the nonmoving party . . . . At the same time, however, we also take judicial notice of the state and federal court proceedings in which Cunningham was convicted or attacked his conviction."); *Keith v. DeKalb Cty., Ga.*, 749 F.3d 1034, 1041 & n.18 (11th Cir. 2014) (taking judicial notice of records from DeKalb County's Superior Court Online Judicial System).

As to whether claims are barred by the doctrine of res judicata, the Eleventh Circuit has stated:

> The purpose behind the doctrine of res judicata is that the full and fair opportunity to litigate protects a party's adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions. Res judicata bars the filing of claims which were raised or could have been raised in an earlier proceeding.

10

> Under Eleventh Circuit precedent, a claim will be barred by prior litigation if all four of the following elements are present: (1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits, and (4) the same cause of action is involved in both cases.
>
> . . .
>
> In the Eleventh Circuit, the principal test for determining whether the causes of action are the same is whether the primary right and duty are the same in each case. In determining whether the causes of action are the same, a court must compare the substance of the actions, not their form. It is now said, in general, that if a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, that the two cases are really the same claim or cause of action for purposes of res judicata.

*Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999) (citations and quotations omitted).

In the motion to dismiss, Plaintiff directs the Court's attention to a previously filed case with this Court styled *Quinn v. Deutsche Bank Nat'l Tr. Co.*, No. 1:13-cv-00115-WS-C ("Quinn I"). In Quinn I, there was a final judgment on the merits[4], the decision was rendered by a court of competent jurisdiction[5], and the parties in Quinn I and the parties in the current action ("Quinn II") are identical[6].

---

[4] Defendants Deutsche, Ocwen, and Saxon Mortgage Services, Inc., filed motions for summary judgment, (Quinn I, Docs. 42 & 44), that Chief Judge Steele granted and dismissed Plaintiff's complaint with prejudice, (*id.*, Docs. 66 & 67). Plaintiff filed a motion for new trial or to alter, amend, or vacate the judgment, (*id.*, Docs. 68 & 69), that Chief Judge Steele denied, (*id.*, Doc. 70). Plaintiff filed a notice of appeal to the United States Court of Appeals for the Eleventh Circuit, (*id.*, Doc. 71), which affirmed the district court's ruling as to the granting of summary judgment against Plaintiff and denying Plaintiff's motion to amend his complaint, (*id.*, Doc. 82). Plaintiff filed a writ of certiorari to the Supreme Court that was denied. (*Id.*, Doc. 84).

[5] Defendants removed Quinn I in accordance with 28 U.S.C. § 1441 based on federal question, 28 U.S.C. § 1331, and diversity jurisdiction, 28 U.S.C. § 1332.

[6] Plaintiff, Deutsche, and Ocwen were named parties in Quinn I. (Quinn I, Doc. 1-1, at 9-12).

11

This leaves for the Court to determine whether the same cause of action is involved in Quinn I and II. "Two cases are the same 'claim' or 'cause of action' 'if a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate as a former action.'" *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) (unpublished) (quoting *Ragsdale*, 193 F.3d at 1239).

In Plaintiff's response to the motion to dismiss, he does not dispute that any of his present claims are barred by the doctrine of res judicata. (*See* Doc. 15). The Court, however, will look to the complaints and the attachments thereto in Quinn I and II to determine whether the two cases are the same cause of action. A thorough comparison of the complaints in Quinn I and II[7] reveals that the claims are based on the same nucleus of operative fact. However, it does appear that Plaintiff adds a state law claim of fraud in Count Four of Quinn II. His factual basis is the assertion that the Defendants submitted false or misleading credit reports, which the Defendants knew were false or misleading about Plaintiff and the secured property on which public entities, including, but not limited to, other mortgage companies, relied. (Doc. 1-1, ¶¶ 32-36).

Although it is debatable as to whether Plaintiff could have raised this additional claim in Quinn I, the issue of whether the doctrine of res judicata precludes this new claim is rendered irrelevant since the claim that Defendants' suppressed information or provided incorrect information in its reports to credit reporting agencies ("CRAs") is unavailable to a private citizen. In *Green v. RBS Nat. Bank*, 288 F. App'x 641 (11th Cir. 2008) (unpublished), the Eleventh Circuit

---

[7] Both complaints are based on the same mortgage and those servicing deficiencies that Plaintiff alleges caused him damage. Specifically, he complains that the Defendants refused to accept payments and improperly initiated foreclosure proceedings against the mortgaged property.

12

clearly identified the claims available to consumers pursuant to the Fair Credit Reporting Act:

> The [FCRA] governs claims by consumers . . . against a furnisher of information . . . based on an allegation that the furnisher submitted incorrect information regarding the consumer to CRAs. The FCRA imposes two separate duties on furnishers. First, § 1681s-2(a) requires furnishers to submit accurate information to CRAs. Second, § 1681s-2(b) requires furnishers to investigate and respond promptly to notices of customer disputes.

*Green*, 288 F. App'x at 642 (citation omitted). However, the FCRA does not provide a private right of action for violation of § 1681s-2(a)[8], *id.*, the enforcement of which is "limited to federal agencies, federal officials, and state officials." *Id.* at 642 n.2. Thus, even if Plaintiff's state law fraud claim of false reporting to the CRAs, raised in Quinn II, is not barred by the doctrine of res judicata, it is preempted by the FCRA. *See Givens v. Saxon Mortg. Servs., Inc.*, 2014 WL 2452891, at *6 (S.D. Ala. June 2, 2014) (DuBose, J.) (holding that the FCRA preempts state law claims that arise from incorrect credit reporting) (*citing Wilson v. Midland Credit Management, Inc.*, 2009 WL 2059332 (S.D. Ala. July 7, 2009)(Steele, J.). Under the circumstances, Plaintiff has clearly failed to state a claim upon which relief may be granted and his action is due to be dismissed pursuant to Rule 12, Fed. R. Civ. P.

## IV.

Accordingly, the Magistrate Judge **RECOMMENDS** that Plaintiff's Request for Letter of Recommendation for Remand to the Removing Judge for

---

[8] "The FCRA does provide a private right of action for a violation of § 1681s-2(b), but only if the furnisher received notice of the consumer's dispute from a [CRA]." *Green*, 288 F. App'x at 642 (citing 15 U.S.C. § 1681s-2(b)(1)). Here, § 1681s-2(b) is inapplicable because Plaintiff does not allege that he disputed the information submitted to the CRAs, that the CRAs had sent notice to the furnisher of the information, and that the furnisher failed to investigate and respond promptly to the notice.

13

this Case, (Doc. 11), and Motion to Remand to State Court, (Doc. 13), be **DENIED**, and Defendants' Motion to Dismiss, (Doc. 9), be **GRANTED** and this matter **DISMISSED WITH PREJUDICE**.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. Ala. Gen. L.R. 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this the 26th day of October 2016.

                         s/WILLIAM E. CASSADY
                         **UNITED STATES MAGISTRATE JUDGE**